UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION TO DISMISS (Dkt. 21, filed on April 28, 2025)

## I.   INTRODUCTION

On November 11, 2024, plaintiff GS Holistic, LLC ("plaintiff" or "GS") filed its complaint, alleging three claims for relief against defendants Nevada Tobacco Distribution ("Nevada Tobacco") and Mushabar Rana ("Rana") (collectively "defendants"). Dkt. 1 ("Compl."). In its Complaint, plaintiff alleges the following claims for relief: (1) a Lanham Act claim for federal trademark counterfeiting and infringement, 15 U.S.C. § 1114, against all defendants; (2) a Lanham Act claim for federal false designation of origin, 15 U.S.C. § 1125(a), against all defendants; and (3) direct and contributory infringement of the 'D817 and 'D804 patents, against Nevada Tobacco. Id.

On April 28, 2025, Rana filed the instant motion to dismiss.[1] Dkt. 21 ("Mot."). On May 12, 2025, plaintiff filed its opposition. Dkt. 26 ("Opp."). On June 6, 2025, Rana filed his reply. Dkt. 29 ("Reply").

---

[1] On June 6, 2025, while this motion was pending, Rana and Nevada Tobacco filed a second motion to dismiss which appears to be identical to the first motion. Dkt. 27. The Court will hear argument as to whether this was intended to be a joinder by Nevada Tobacco in the now pending motion, or alternatively, whether it is intended to be a new motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

On June 23, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that since 2012, it has marketed and sold products including "portable vaporizers and accessories related thereto" using the trademark "G Pen." Compl. ¶¶ 7-8. Plaintiff states that due to the continuous and extensive use of the mark, Grenco Science was granted federal statutory and common law rights to the mark. Id. ¶ 9. In 2016, plaintiff alleges, it assigned all rights associated with the mark and other marks associated with different products sold to GS, and the assignment was recorded with the United States Patent and Trademark Office. Id. ¶ 10. Plaintiff sets forth a list of the trademarks it owns (collectively the "G Pen Marks"). Id. ¶ 11.

Plaintiff alleges that it used the G Pen Marks in commerce throughout the United States continuously since 2016 and that these marks are distinctive to the consuming public and to plaintiff's trade. Id. ¶ 14. Plaintiff alleges that its marks are exclusive, appear clearly on its products, and that it has spent time, money, and resources developing, advertising, and promoting and protecting these marks. Id. ¶ 15. Plaintiff alleges that its branded products have a higher market value than those of its competitors, and that accordingly, its products are targeted by counterfeiters. Id. ¶¶ 21-22.

Plaintiff alleges that Nevada Tobacco and Rana, Nevada Tobacco's CEO, "mislead consumers by selling in their stores low grade products that free ride on the goodwill of the G Pen brand, and in turn, [Rana] reap[s] substantial ill-gotten profits." Id. ¶ 22. Plaintiff states that Rana's sales result in a "flooding of the marketplace with counterfeit products, which results in lost sales and damages to [plaintiff] and irreparable harm to the G Pen brand's image." Id. Plaintiff further alleges that the sale of counterfeit products results in store owners declining to purchase more expensive, legitimate products for sale. Id. ¶ 23.

Plaintiff alleges that since 2020, it has marketed and sold products using the trademark Stüdenglass, including gravity infuser waterpipes and related accessories. Id. ¶ 25. Due to continuous and extensive use of the trademark Stüdenglass, plaintiff states that it was awarded federal statutory and common law rights to the mark. Id. ¶ 27. Plaintiff sets forth a list of its federally registered trademarks. Id. ¶ 28. Plaintiff asserts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

that the Stüdenglass marks are distinctive and exclusive, and that it has worked and spent money to establish this. Id. ¶¶ 31-34. According to plaintiff, consumers are willing to pay more for Stüdenglass products and defendants "mislead consumers by selling in their stores low grade products that take a free ride on the goodwill of the Stüdenglass brand, and in turn, the [d]efendants reap substantially ill-begotten profits." Id. ¶ 40.

Plaintiff alleges that defendants are in the smoke shop business and operate retail stores where they sell water pipes, cigarettes, electronic cigarettes, vaporizers, tobacco, and other smoking-related devices. Id. ¶ 44. Beginning on an unknown date, plaintiff alleges, defendants "without the consent of GS, have offered to sell and sold, both counterfeit G Pen products and counterfeit Stündenglass products with the G Pen trademarks and Stündenglass trademarks, respectively, and without the consent of GS." Id. ¶ 45. Plaintiff states that defendants, without its consent "have offered for sale reproductions, counterfeits, copies and/or colorable imitations of one or more of the G Pen Marks … and one or more of the Stündenglass Marks." Id. ¶ 46. Plaintiff alleges that defendants have offered these counterfeit, and nearly identical goods for sale, causing confusion in the marketplace. Id. ¶¶ 48-50. Specifically, plaintiff alleges, "on June 9, 2022, GS's investigator attended [Nevada Tobacco]'s location, which was open to the public, and observed that it had an excess of vaporizers which appeared to display each of the G Pen Marks and an excess of gravity infusers which appeared to display each of Stündenglass Marks," though the goods turned out to be counterfeit." Id. ¶ 57. On May 9, 2024, the investigator found the same. Id. ¶ 59.

Plaintiff alleges that Rana "authorized, directed, and/or participated in [Nevada Tobacco]'s offer for sale, in commerce, of the Counterfeit G Pen Goods and the Counterfeit Stündenglass Goods." Id. ¶ 61. Further, plaintiff alleges that Rana's acts were "a moving, active, and conscious force" behind the infringement of both marks. Id. plaintiff states that the unauthorized sale was committed "under the authority, direction and/or participation of" Rana. Id. ¶ 64. Plaintiff claims that the offer for sale of the counterfeit goods has caused losses and will cause damage to the goodwill and reputation of the marks. Id. ¶ 66. Plaintiff alleges that Nevada Tobacco's use of the marks is likely to cause confusion or deceive customers, that this is done intentionally to confuse customers and aid in the promotion and sale of counterfeit goods, and that the products sold by Nevada Tobacco are inferior. Id. ¶¶ 67-74. Plaintiff alleges that Nevada Tobacco has offered infringing products for sale, intentionally caused or knowingly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

facilitated infringement by third party retailers, and marketed, advertised, and promoted the goods under infringing marks. Id. ¶¶ 75-79.

Plaintiff alleges that Nevada Tobacco and Rana's "infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by [Nevada Tobacco], and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by [Nevada Tobacco] originate from, and are associated or affiliated with, or otherwise authorized by GS." Id. ¶ 80. Plaintiff claims that both defendants acted willfully, with deliberate intent to trade on the goodwill of the marks, cause confusion, and divert sales. Id. ¶ 81. Further, plaintiff alleges that defendants "as both distributors and merchants of tobacco shop goods, are held to the standard of having specialized knowledge in the tobacco shop industry." Id. Plaintiff alleges that defendants have failed to conduct any reasonable inquiry into the authenticity of the goods sold and "have acted with at least willful blindness as to" plaintiff's rights to the marks. Id. Plaintiff alleges that defendants sold the products for less and did not provide the warranty customers expected for products bearing plaintiff's mark. Id.

Plaintiff claims that Nevada Tobacco and Rana's acts have caused damage and irreparable harm to plaintiff and its marks, and to its reputation and goodwill with the public, for which there is no adequate remedy at law. Id. ¶ 82. Plaintiff alleges that due to the unfair advantage Rana and Nevada Tobacco have gained from their deception, they have made profits to which they are not entitled. Id. ¶ 83. The injuries and damages plaintiff has suffered, it alleges, are directly and proximately caused by Nevada Tobacco and Rana offering infringing goods for sale. Id. ¶ 84. Plaintiff states that Nevada Tobacco has contributorily caused it harm through third party retail sales of infringing goods. Id. ¶ 85. Plaintiff claims that Rana and Nevada Tobacco "purposefully derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of California, and in doing so, have knowingly harmed GS." Id. ¶ 86. Plaintiff alleges that due to the actions of Nevada Tobacco and Rana, defendants caused plaintiff to require counsel, and thus should bear the costs. Id. ¶ 91.

Finally, plaintiff claims that Rana and Nevada Tobacco have damaged, and will continue to damage plaintiff, who has no adequate remedy at law and that defendants' wrongful acts will continue unless enjoined by this court. Id. ¶¶ 92-93.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

The Court does not address allegations related to plaintiff's third claim for relief, as it is alleged only against Nevada Tobacco, and not against Rana. Id. ¶¶ 94-112.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Rana argues that plaintiff has failed to state a claim against him pursuant to Rule 12(b)(6). Mot. at 4. Rana contends that a corporate officer is personally liable for torts he authorizes, directs, or participates in, and that in order to be personally liable for infringement, courts analyze whether an individual was the moving and active force behind the actions. Id. at 4-5. Personal knowledge of the acts alleged to constitute infringement, Rana argues, is an insufficient basis for personal liability of a corporate officer. Id. at 5. Rana argues that if a complaint fails to allege with specificity the substantial and direct personal involvement of a corporate officer in the relevant wrongdoing, the complaint is subject to dismissal pursuant to Rule 12(b)(6). Id.

Rana argues that courts have determined that complaints should be dismissed when they make general allegations but fail to specify the conduct attributable to individual defendants. Id. According to Rana, plaintiff has failed to plead any plausible claim against him, as the Complaint makes allegations "primarily" against defendants collectively, and does not allege anything about the role Rana may have played. Id. at 6. According to Rana, something more must be pled beyond that he controls and directs the activities of the corporation. Id. Rana argues that the allegations in the Complaint that he directed or participated in alleged infringement do not suffice because plaintiff provides no factual allegations identifying actions he may have taken or how they allege he was personally involved in the sale of the infringing goods. Id. Rana argues that grouping all defendants together in this way fails to provide him with fair notice. Id. at 7. Rana contends that conclusory allegations about an officer's alleged involvement are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

insufficient to withstand a motion to dismiss. Id. at 7-8. Here, Rana argues, the allegations against him also fail to state a claim for individual liability. Id. at 8.

In opposition, plaintiff argues that it has stated a claim because the Complaint sets forth how defendants violated the Lanham Act and how Rana "authorized, directed, and participated in [Nevada Tobacco's] offer of counterfeit goods for sale." Opp. at 3. Plaintiff argues that it has made direct allegations of Rana's conscious effort as to the sale of counterfeit goods, the profits made therefrom, his ability to supervise and direct Nevada Tobacco, and Nevada Tobacco's sale of counterfeit goods. Id. Plaintiff argues that "defendants" is a collective term that refers only to Nevada Tobacco and Rana, such that it provides fair notice of the allegations. Id. at 3-4. Plaintiff argues that "[t]he fact that the individual defendant and corporate defendant are both alleged to have carried out the infringing acts by use of a collective reference to 'Defendants' is acceptable pleading … ." Id. at 4. Plaintiff argues that group pleading is not fatal to the viability of a complaint when the complaint provides a defendant with fair notice of the claim against them, and that Rule 8 is satisfied if it can reasonably be inferred that all allegations are made against each individual defendant. Id. Rule 8, plaintiff contends, does not require it to plead the specifics of who, what, when and how of the conduct. Id. at 5.

Plaintiff argues that an officer's participation in infringement can be based on direct action but also on approval or ratification of unlawful acts. Id. Plaintiff contends that personal liability for a claim of trademark infringement can be based either on an alter ego theory of liability or on the individual's direct participation in the tort. Id. at 5-6. According to plaintiff, its allegations are sufficient to state the personal liability of Rana, who it alleges is the CEO and "controls and directs the activities, including the infringing activities of Nevada Tobacco …." Id. at 7. Plaintiff proceeds to set forth the allegations it makes in its Complaint against Rana and Nevada Tobacco. Id. Plaintiff contends that "[c]ourts have held that vicarious liability may attach if there is the right and ability to supervise the infringing activity, and also if a defendant as received a direct financial interest in such activity." Id. Here, plaintiff argues, it has alleged that Rana had the ability to supervise the infringing activity, that Rana directed the infringement, that such infringement was willful, and that Rana profited from the sale of the counterfeit goods. Id. at 8.

Plaintiff takes issue with the authority relied upon by Rana, arguing that two of the cited cases were decided at the summary judgment rather than motion to dismiss stage,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

and that the remaining case was based on a California law misappropriation of trade secrets claim, rather than a federal Lanham Act claim of the kind at issue here. Id. at 8-10. Here, plaintiff argues it has alleged that Rana is liable on the basis of direct infringement because he was a moving and conscious force behind the alleged infringement, and alternatively that he directed, had the ability to supervise, was willfully blind to the infringement, and that he received a financial interest from the sale of counterfeit products. Id. at 10.

In reply, Rana argues that claims against him should be dismissed because plaintiff "makes no factual allegations related to any individual beyond broad legal conclusions posed as facts." Reply at 1. Rana argues that the same is true of the instant Complaint. Id. Rana reiterates his argument that plaintiff merely recites the elements of the charges against him and does not allege any facts. Id. at 3. Next, Rana provides a chart analyzing allegations in the Complaint. Id. at 3-9. For each allegation, Rana concludes that the pleading lacks specific factual allegations regarding Rana's individual conduct, constitutes improper group pleading by making allegations against all defendants as a group, or both. Id. Accordingly, Rana argues that the Complaint should be dismissed. Id. at 8.

In order to allege direct liability of a corporate officer under the Lanham Act, plaintiff must plead that the individual was "'a moving, active conscious force' behind the corporation's infringement.'" Daimler AG v. A-Z Wheels LLC, 334 F. Supp. 3d 1087, 1006 (S.D. Cal. 2018) (quoting Novell, Inc. v. Unicom Sales, Inc., No. 03-cv-2785-MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004)). To plead vicarious liability of a corporate officer, plaintiff must plead that the officer authorized or directed the infringing activity. Comm. For Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir. 1996).

The Court concludes that the allegations in the Complaint are insufficient to state a claim against Rana. In order to allege a Lanham Act claim against a corporate officer, that individual must be a "'moving, active, conscious force' behind the corporations infringement" to be personally liable. Talent Mobile Dev., Inc. v. Headios Grp., 382 F. Supp. 3d 953 (C.D. Cal. 2019) (quoting Daimler AG, 334 F. Supp. 3d at 1006). The officer must "personally take part in infringing activities or specifically direct employees to do so." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985). However, "[i]f an individual actively and knowingly caused the trademark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

infringement, he is personally responsible." Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp., No. C-92-3330 DLJ, 1995 WL 552168 (N.D. Cal. 1995) (internal citation and quotations omitted)). This can involve directing, controlling, ratifying, participating in, or acting as the moving force behind the infringing activities, and does not requiring piercing of the corporate veil. Id.

Here, though plaintiff alleges that Rana was a "moving, active, and conscious force behind" the infringement, and that he "directed and/or participated in" the sale of counterfeit goods, the Court concludes that plaintiff does not allege sufficient facts to state a claim. Compl. ¶ 61. Plaintiff sets forth allegations regarding infringement by Nevada Tobacco, but makes only the bare legal assertion that Rana was the active, conscious, moving force behind the Lanham Act violations and that he directed "and/or participated in" such violations. Id. The Complaint does not state any specific factual allegations regarding Rana's role in decisions to engage in the alleged infringement. Additionally, plaintiff does not plead specific facts alleging that Rana caused the infringement to occur. See, e.g., Deckers Outdoor Corp. v. Bright Trading Corp., No. 14-cv-00198-JAK-JEMx, 2014 WL 12564124, at *3 (C.D. Cal. Apr. 28, 2014) (finding similar allegations insufficient to state a claim against individual defendants); Apple Hill Growers v. El Dorado Orchards, No. 2:17-cv-02085-TLN-CKD, 2019 WL 5827365, at *3 (E.D. Cal. 2019) (holding that defendants' personal involvement in the purported trademark infringement was insufficiently alleged).

Allegations of Lanham Act violations pled against individual defendants have been found to be viable when the plaintiff has alleged specific facts related to a defendant's involvement in or direction of infringing activity. For example, in Global Apogee v. Sugarfina, Inc., this Court found sufficient for personal liability of individual defendants the following allegations:

> Defendants personally assisted in the development of every aspect of Sugarfina ... Defendant O'Neill stated [in an interview] that 'her typical workday [is filled] with [team meetings].' [Defendant O'Neill] also stated that ... she 'still does a lot of the design work herself ... [she] handle[s] ... product, packaging, branding, marketing, sales, retail stores and the website. [Individual Defendant] Resnick handles operations, finance, human resources, business development and legal.' Defendants also had control of ... and appointed personnel to run Sugarfina.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-09689-CAS-JCx | Date | June 23, 2025 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Nevada Tobacco Distribution et al | | |

Glob. Apogee v. Sugarfina, Inc., No. 18-cv-5162-RSWL-EX, 2021 WL 4819715, at *4 (C.D. Cal. Oct. 15, 2021). Similarly, in Daimler AG v. A-Z Wheels LLC, the court found sufficient for personally liability that individual defendants were principals or managing agents of the corporate defendants, and that one defendant, acting individually or in concert with the other individual defendants, operated the websites through which the infringing products were sold. Daimler AG v. A-Z Wheels LLC, No. 16-cv-875-JLS-MDD, 2017 WL 9854427, at *3 (S.D. Cal. Nov. 27, 2017). Here, plaintiff has alleged no facts of this kind specifying Rana's involvement. Accordingly, the Court concludes that the claims brought against Rana should be dismissed, with leave to amend.

At oral argument, plaintiff's counsel argued that the Court had not addressed vicarious infringement. The standard for alleging vicarious infringement requires that defendant authorized or directed the infringing activity. Minka Lighting, Inc. v. Bath Kitchen Decor, LLC, No. 13-cv-02370-RGK-MRWx, 2015 WL 12743863, at *8 (C.D. Cal. Feb. 13, 2015) (citing Comm. For Idaho's High Desert, 92 F.3d at 823). The Court originally treated plaintiff's vicarious and direct liability arguments together, as it alleged that Rana "authorized and/or participated in" the sale of counterfeit goods and that his actions "were a moving, active, and conscious force" behind the infringement, without delineating the two theories in its Complaint. Compl. ¶ 61. Whether plaintiff seeks to allege direct or vicarious liability, his allegations fail because he has failed to allege facts that support either direct or vicarious liability. Accordingly, plaintiff's claims are dismissed on both grounds, with leave to amend.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Rana's motion to dismiss, with leave to amend.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |